1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| DONNELL DONALDSON,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>KATHLEEN ALLISON,<br><br>　　　　　　　Respondent. | No. CV 11-6195 GW (FFM)<br><br>ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED AS TIME-BARRED |

　　　　Petitioner, a prisoner in state custody, constructively filed[1] a Petition for Writ of Habeas Corpus ("Petition") on or about June 5, 2011.  Petitioner challenges a 1994 conviction and sentence for first degree murder.  Petitioner alleges that the California Supreme Court denied direct review of his conviction on July 26, 1995.  (Petition at ¶ 4c.)  Petitioner also alleges that he has not filed any habeas petitions in state court with respect to his judgement of conviction. (*Id*. at ¶6.)

---

[1]A *pro se* prisoner's relevant filings may be construed as filed on the date they were submitted to prison authorities for mailing, under the prison "mailbox rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

1    **1.     LIMITATIONS PERIOD FOR FEDERAL HABEAS PETITIONS**

2         The present proceedings were initiated after the April 24, 1996 effective

3    date of the Antiterrorism and Effective Death Penalty Act ("AEDPA").

4    Accordingly, the AEDPA's timeliness provisions apply, including a one-year

5    limitations period which is subject to both statutory and equitable tolling.  *See* 28

6    U.S.C. § 2244(d)(1).  For those prisoners whose convictions became final post-

7    AEDPA, the one-year period starts running from the latest of four alternative

8    dates set forth in 28 U.S.C. § 2244(d)(1)(A)-(D).  *See, e.g.*, *Patterson v. Stewart*,

9    251 F.3d 1243, 1245-47 (9th Cir. 2001).  For prisoners whose convictions became

10   final *pre*-AEDPA, the one year limitations period is deemed to commence on

11   April 25, 1996, the day after AEDPA's enactment date, and to expire one year

12   later on April 24, 1997.  *See, e.g., Bryant v. Arizona Attorney Gen.*, 499 F.3d

13   1056, 1058-59 (9th Cir. 2007).  Where, as here, the challenged judgment was

14   affirmed by the state's highest court, the period of direct review ends either when

15   the petitioner failed to file a *certiorari* petition in the United States Supreme Court

16   and the 90-day period for doing so has expired, or when the Supreme Court has

17   ruled on a filed petition.  *See Clay v. United States*, 537 U.S. 522, 527-32 and ns.

18   3-4, 123 S. Ct. 1072, 155 L. Ed. 2d 88 (2003); *Wixom v. Washington*, 264 F.3d

19   894, 897 (9th Cir. 2001).

20        In this case, petitioner does not appear to have filed a *certiorari* petition in

21   the United States Supreme Court.  (*See* Petition.)  Thus, under section

22   2244(d)(1)(A), petitioner's conviction became final 90 days after the denial of the

23   petition for review by the California Supreme Court.  *See Clay*, 537 U.S. at 527-

24   32 and ns.3, 4; 28 U.S.C. § 2101(d); Sup. Ct. R. 13.1.  Because the California

25   Supreme Court denied review on July 26, 1995, petitioner's conviction became

26   final on October 24, 1995, prior to the effective date of AEDPA.  Accordingly, the

27   one-year limitations period commenced on April 25, 1996 and expired on April

28   24, 1997.  However, petitioner did not initiate the present proceedings until over

2

14 years after the limitations period expired.  As a result, the present action is untimely, absent statutory or equitable tolling.  *See* 28 U.S.C. § 2244(d)(1); Fed. R. Civ. Proc. 6(a).

## 2.    STATUTORY TOLLING

Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

The statute of limitations is not tolled between the date on which a judgment becomes final and the date on which the petitioner filed his first state collateral challenge because there is no case "pending."  *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).  Once an application for post-conviction review commences, it is "pending" until a petitioner "complete[s] a full round of [state] collateral review."  *Delhomme v. Ramirez*, 340 F.3d 817, 819 (9th Cir. 2003) (citing *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003)).  "One full round" generally means that the statute of limitations is tolled while a petitioner is properly pursuing post-conviction relief, from the time a California prisoner files his first state habeas petition until the California Supreme Court rejects his final collateral challenge.  *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002); *see also Nino*, 183 F.3d at 1006; *Delhomme*, 340 F.3d at 819.  The period tolled includes the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable."  *Delhomme*, 340 F.3d at 819 (citing *Biggs*, 339 F.3d at 1048 n.1).

Here, petitioner does not appear to be entitled to any statutory tolling. Petitioner alleges that he has not filed any state court habeas petitions challenging his conviction or sentence.  (Petition at ¶6.)  Because the Petition does not

1  demonstrate any basis for tolling the statute, the Court orders petitioner to show

2  cause in writing within 15 days of the date of this order why the Petition should

3  not be dismissed as time-barred.  If petitioner fails to provide a timely response to

4  this order, the Court will recommend that the Petition be dismissed as time-barred

5  and/or for failure to prosecute.

6          IT IS SO ORDERED.

7

8  DATED: August 4, 2011

                                             /S/ FREDERICK F. MUMM
9                                            FREDERICK F. MUMM
                                          United States Magistrate Judge
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28